# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD O. MATTHEWS, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 00-4131 | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Defendant. § | | |

## **MEMORANDUM OPINION**

This tax refund case is before the Court on the Motion for Summary Judgment [Doc. # 59] filed by Plaintiffs Edward O. Matthews and Edward O. Matthews, Trustee of the Dorothy J. Matthews Marital Trust (collectively, "Matthews"). The United States filed a Response [Doc. # 62] and Cross-Motion for Summary Judgment [Doc. # 63], Plaintiffs filed a Response and Reply [Doc. # 67], the United States filed a Reply [Doc. # 68], and Plaintiffs filed a Sur-Reply [Doc. # 70]. Having reviewed the record and considered applicable legal authorities, the Court dismisses this case for lack of subject matter jurisdiction. The pending Motions for Summary Judgment are both terminated as outside the Court's jurisdiction.

## I.     STATUTORY, FACTUAL AND PROCEDURAL BACKGROUND

### A.     Statutory Background

Partnerships are not directly subject to income tax.  Partners are liable for the tax in their individual capacities, on a *pro rata* basis corresponding to their ownership interest in the partnership.  26 U.S.C. § 701; *Chimblo v. Comm'r of Internal Revenue*, 177 F.3d 119, 121 (2d Cir. 1999);  *Kaplan v. United States*, 133 F.3d 469, 471 (7th Cir. 1998).  Congress enacted the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), 26 U.S.C. §§ 6221 - 6233, to achieve consistent treatment of all partners in a partnership and to alleviate the administrative burden of determining partnership-related tax issues at the individual partner level.  26 U.S.C. § 6221; *Weiner*, 389 F.3d at 154; *Alexander v. United States*, 44 F.3d 328, 330 (5th Cir. 1995).

Under TEFRA, the treatment of all partnership items must be determined at the partnership level.  26 U.S.C. § 6221; *Weiner*, 389 F.3d at 154.  A partnership item is "any item required to be taken into account for the partnership's tax year" if the applicable regulations provide that the item "is more appropriately determined at the partnership level than at the partner level."  26 U.S.C. § 6231(a)(3).  The Treasury Regulations more specifically define partnership items as "items of income, gain, loss, deduction or credit of the partnership."  Treas. Reg. § 301.6231(a)(3).

TEFRA requires partnerships to designate a "tax matters partner" ("TMP") to act as a liaison between the Internal Revenue Service ("IRS") and the partnership in any tax-related proceedings. 26 U.S.C. § 6231(a)(7)(A); *Addington v. Comm'r of Internal Revenue*, 205 F.3d 54, 60 (2d Cir. 2000). The IRS must provide notification to individual partners of any adjustments it believes are necessary as to "partnership items" reported in the partnership return. This notification is provided through a Notice of Final Partnership Administrative Adjustment ("FPAA"). The IRS has three years from the date a partnership return is due to be filed in which to issue an FPAA. 26 U.S.C. § 6229(a).[1]

Partners whose tax liability may be affected by the outcome of litigation of partnership items have the opportunity to participate in the administrative proceeding. 26 U.S.C. §§ 6224(a), 6226(c); *Weiner*, 389 F.3d at 155. The IRS may assess tax liability on individual partners only after the partnership tax determination has been made. Any such assessment must be made within one year from the date any court's

---

[1] Section 6229(a) provides:

> General rule.--Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of --
> (1) the date on which the partnership return for such taxable year was filed, or
> (2) the last day for filing such return for such year (determined without regard to extensions).

decision on the partnership items becomes final. 26 U.S.C. § 6229(d). A taxpayer may contest the notice of deficiency by paying the assessment and then filing a refund action in a United States District Court. *Weiner*, 389 F.3d at 155. However, "[n]o action may be brought [in District Court] for a refund attributable to partnership items." 26 U.S.C. § 7422(h).

### B.     **Factual Background**

In 1984, Matthews was one of 191 limited partners in Agri-Venture II ("AV2"), a California limited partnership. AV2 entered into a management agreement with American Agri-Corp ("AMCOR") to manage the limited partnership and oversee the partnership's operational and tax reporting procedures.

In February 1985, AV2 filed a partnership tax return for the year 1984. In May 1985, Matthews filed a Form 1040 individual tax return for the year 1984, which included a deduction with respect to his limited partner status in AV2.

In April 1991, the IRS issued an FPAA with respect to AV2 for the tax years 1984 and 1985. In July 1991, a partner in AV2 (but not the designated Tax Matters Partner) filed a timely challenge to the changes proposed by the IRS in the FPAA. One of the arguments against the FPAA was that it was barred by the applicable statute of limitations.

In May 1992, Matthews submitted to the IRS a check in the amount of $65,000.00 in connection with the FPAA.

In December 1996, the IRS presented to Matthews a proposal for resolving his income tax liabilities for the 1984 tax year as it related to AV2. In March 1997, Matthews returned an executed settlement agreement ("Form 870-P(AD)) for the year 1984. The IRS executed the settlement agreement in May 1997.

In February 1998, the IRS sent Matthews a notice of the Income Tax Examination Changes that resulted from the settlement agreement. In March 1998, the IRS assessed additional tax and interest against Matthews for the 1984 tax year. The assessment was resulted from the application of the adjustments to the partnership items addressed in the settlement agreement. The IRS applied Matthews's $65,000.00 deposit to the new assessment, transferred part of the remainder to Matthews's 1985 account, and refunded the balance.

In September 1998, Matthews filed a claim for a refund of the tax and interest assessed with respect to the 1984 tax year. In November 1998, the IRS denied Matthews's claim for a refund.

### C.   **Procedural Background**

In November 2000, Matthews filed this lawsuit. Because there were a large number of similar lawsuits involving AMCOR and AV2, the case filed by Morris A.

Weiner (*Weiner v. United States*, Civil Action No. 00-1297) was selected to serve as a representative case. This Court held that it had jurisdiction to decide the statute of limitations issue based on 26 U.S.C. § 6229(a), but the Fifth Circuit reversed in *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004), *cert. denied*, 544 U.S. 1050 (2005).

Matthews and the other plaintiffs then settled with the United States. After the Agreed Final Judgment was entered, the United States determined that it had inaccurately calculated the amount to be paid to Matthews. On motion by the United States, the Agreed Final Judgment was vacated over Matthews's objection. Matthews was permitted to file his Motion for Summary Judgment on the statute of limitations issue. The United States filed a Cross-Motion for Summary Judgment, asserting that this Court lacks jurisdiction to decide the limitations issue. The motions have been fully briefed and are ripe for decision.

## II. SUBJECT MATTER JURISDICTION ANALYSIS

Generally, this Court has jurisdiction over a taxpayer's refund action under 26 U.S.C. §§ 1340, 1346(a)(1); *Weiner*, 389 F.3d at 155. Under TEFRA, however, the Court does not have subject matter jurisdiction over a refund attributable to partnership items. 26 U.S.C. § 7422(h). The precise issue in this case is whether this

Court has subject matter jurisdiction over Matthews's claim that the additional assessments are time-barred pursuant to 26 U.S.C. § 6501(a).

Section 6501(a) is "the three-year statute of limitations which is generally applicable to the Commissioner's assessment of tax." *Curr-Spec Partners, L.P. v. Comm'r of Internal Revenue*, 579 F.3d 391, 395 (5th Cir. 2009). The section provides that, "[e]xcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . .." 26 U.S.C. § 6501(a).

In *Weiner*, the Fifth Circuit held that the district courts lack jurisdiction to consider a taxpayer's § 6229(a) statute of limitations argument in a refund suit because the § 6229(a) limitations period was a partnership item. *Weiner*, 389 F.3d at 157. The Federal Circuit reached the same conclusion in *Keener v. United States*, 551 F.3d 1358, 1363 (Fed. Cir.), *cert. denied*, 130 S. Ct. 153 (2009).

Matthews argues that *Weiner* is no longer binding precedent in the Fifth Circuit because a separate panel later decided that the United States Tax Court has jurisdiction to consider a § 6229(a) statute of limitations argument. *Curr-Spec Partners, L.P. v. Comm'r of Internal Revenue*, 579 F.3d 391, 396 (5th Cir. 2009). Matthews's argument fails because one panel of the Fifth Circuit cannot overrule the decision of a prior panel unless it is unequivocally required by controlling Supreme Court

precedent. *See, e.g., United States v. Rodriguez*, 602 F.3d 346, 352 (5th Cir. 2010); *Smith v. Xerox Corp.*, 602 F.3d 320, 330 (5th Cir. 2010). Additionally, as the panel in *Curr-Spec* emphasized twice in its opinion, the decisions in *Curr-Spec* and *Weiner* are not inconsistent because *Weiner* involved a district court's jurisdiction in a taxpayer refund action and *Curr-Spec* involved the Federal Tax Court's jurisdiction in a partnership proceeding. *See Curr-Spec*, 579 F.3d at 396 n.20, 399-400. Consequently, the Court concludes that *Weiner* remains binding precedent, holding that § 7422(h) deprives district courts of subject matter jurisdiction to consider § 6229(a) statute of limitations arguments in taxpayer refund suits because § 6229(a)'s limitations period is a partnership item.

Matthews argues also that *Weiner* does not apply because Matthews settled with the United States, citing *Alexander v. United States*, 44 F.3d 328, 331 (5th Cir. 1995). The Fifth Circuit in *Weiner* easily distinguished *Alexander*, however, noting that the United States conceded in *Alexander* that the statute of limitations barred the assessment and, therefore, the issue of jurisdiction was not before the Court in *Alexander*.

Matthews argues next that *Weiner* does not apply because *Weiner* involved a § 6229(a) limitations argument and Matthews in this case is asserting a § 6501 limitations argument. The Federal Circuit in a very recent opinion decided the issue.

In *Prati v. United States*, __ F.3d __, 2010 WL 1782901 (Fed. Cir. May 5, 2010), another AMCOR refund suit, the Federal Circuit noted that the § 6501 limitations period can be extended by § 6229(a) and held that the two sections "do not operate independently to allow a taxpayer to assert one in isolation and thereby render an otherwise timely assessment untimely." *Prati*, 2010 WL 1782901 at *6. As a result, the Federal Circuit held that § 7422(h) bars consideration of a taxpayer's § 6501 limitations issue in a refund proceeding where, as here, the United States asserts § 6229(a) as a basis to extend the statute of limitations. *Id.*[2]

The issue in this case is not whether Matthews is correct on the merits of the statute of limitations argument, but whether this Court has jurisdiction to decide whether Matthews is correct. Based on *Weiner*, *Keener*, and *Prati*, the Court concludes that it lacks jurisdiction to decide Matthews's § 6501(a) statute of limitations argument.

## III. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction. All pending motions are terminated.

---

[2] Matthews argues on a number of bases that the Federal Circuit's decision in *Prati* is wrong, unconstitutional, inapplicable, and consistent with the Federal Circuit's bias in favor of the United States. *See* Sur-Reply [Doc. # 70]. This Court, however, finds *Prati* to be persuasive authority that is on point.

The Court will issue a separate Final Order of Dismissal.

SIGNED at Houston, Texas, this 8th day of **June, 2010**.

_____
Nancy F. Atlas
United States District Judge